■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LEOPOLD ORTIZ, Appellant. [654 NYS2d 296] —Judgment, Supreme Court, New York County (Charles Tejada, J.), rendered on or about December 13, 1994, unanimously affirmed.

Application by appellant's counsel to withdraw as counsel is granted. (*See, Anders v California*, 386 US 738; *People v Saunders*, 52 AD2d 833.) We have reviewed this record and agree with appellant's assigned counsel that there are no non-frivolous points which could be raised on this appeal.

Pursuant to CPL 460.20, defendant has the right to apply for leave to appeal to the Court of Appeals by making application to the Chief Judge of that Court and by submitting such application to the Clerk of that Court or to a Justice of the Appellate Division of the Supreme Court of this Department on reasonable notice to the respondent within thirty (30) days after service of a copy of this order, with notice of entry.

Denial of the application for permission to appeal by the Judge or Justice first applied to is final and no new application may thereafter be made to any other Judge or Justice. Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.

■ In the Matter of the Guardianship of LUISA LARA M., Also Known as LUISA R., an Infant. CHILDREN'S AID SOCIETY, Respondent; IRA JEAN R., Appellant. [654 NYS2d 8] —Order of disposition, Family Court, New York County (Ruth Zuckerman, J.), entered August 2, 1994, which, *inter alia*, terminated respondent's parental rights to the subject child upon a finding of mental illness, unanimously affirmed, without costs.

The evidence is clear and convincing that respondent mother has suffered from severe mental illness for more than 30 years characterized by a recurring cycle of psychiatric hospitalizations, sometimes for extended periods of time, and that she has functioned at only a marginal level throughout her entire adult life. Since respondent is simply incapable of adequately caring for her child at the present time and has offered no evidence that there is any prospect that she will be capable of doing so in the foreseeable future, Family Court properly granted the petition to terminate her parental rights (*see, Matter of Chuckie Douglas M.*, 188 AD2d 280). Concur—Wallach, J. P., Rubin, Mazzarelli and Andrias, JJ.